Officer David B. Green Little Rock Police Department 700 W. Markham Little Rock, AR 72201
Dear Officer Green:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Little Rock Police Department for a copy of your personnel file. It is my understanding that the custodian of the records has determined that your personnel file should be released, except the following:
 • Records the release of which would constitute a clearly unwarranted invasion of your personal privacy. Under this exception, the custodian has determined that records reflecting the background investigation conducted by the department when you were first under consideration for employment should not be released.
• Medical records.
 • Employee evaluation and job performance records that did not form the basis of any decision to suspend or terminate you.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of this file is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
I must note that I have not been provided with copies of the records in your file and therefore cannot opine definitively concerning the releasability of any particular record.
Nevertheless, it is my opinion that the custodian's decision to release your personnel file, with the exceptions stated above, is generally consistent with the FOIA, although further matters should also be considered in making a decision about the release of the records.
Personnel Records
The custodian has correctly stated the rule for the releasability of "personnel records." Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
An initial question, then, is whether the records in your personnel file constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to your employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some interpretive discussion of the issue that could be helpful in evaluating particular records. Professor Watkins notes that "virtually all records pertaining to individual employees, former employees, or job applicants are covered by [A.C.A. § 25-19-105(b)(10)." Watkins, The Arkansas Freedomof Information Act, (mm Press 2d ed. 1994) at 125. He goes on to give specific examples of the types of records that could constitute personnel records, suggesting that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Id. at 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
If the records in your file are, in fact, "personnel records," as they likely are, the ensuing issue is whether their release would constitute a clearly unwarranted invasion of your personal privacy. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. Unless the custodian of the personnel records in your personnel file can establish factually that the release of these records would constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the records outweighs the public's interest in the records), the "personnel records" exemption will not apply to these records, and they should be released. (It should be noted that certain information, such as your social security number, and any unlisted telephone numbers must be redacted from these records prior to their release. Your home address and listed telephone number can also be redacted if the facts are such that you have a heightened privacy interest in this information [e.g., if it is likely to be used to harass you and its disclosure does not further the purposes of the FOIA]. SeeStilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-016.)
Medical Records
The custodian has correctly stated that medical records are exempt from disclosure under the FOIA. That is exemption is explicitly set forth in A.C.A. § 25-19-105(b)(2). The term "medical records," as used in the FOIA, is not defined. This office has construed the term to apply to "records containing information relating to the treatment or diagnosis of a medical condition." See Op. Att'y Gen. No. 89-147. Accord, Op. Att'y Gen. No. 91-374. Such records should not be released.
Employee Evaluation/Job Performance Records
The custodian has correctly stated that "employee evaluation and job performance records" can be released only if they did not form the basis of any decision to suspend or terminate you. The actual test under the FOIA for the release of "employee evaluation and job performance records" is a three-part test. Such records can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A threshold question, therefore, is whether any of the records in your personnel file constitute "employee evaluations or job performance records."
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records in your personnel file are, in fact, employee evaluations or job performance records, the above-stated three-part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. The employee evaluations and job performance records in your file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "the nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, supra. at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
Background Investigations
The custodian's decision not to release any records reflecting your background investigation may be overbroad. This office has opined on numerous occasions that a blanket denial of access to all background investigation records may be inconsistent with the FOIA. See Ops. Att'y Gen. Nos. 98-101, 97-286, 96-368, 95-242, 94-113, and 92-319. The FOIA does not provide a blanket exemption for background investigations. For this reason, records reflecting a background investigation must be examined individually and separately to determine whether each such record is disclosable, whether it falls under a specific exemption from disclosure, or whether particular information should be redacted from the records prior to disclosure.
Conclusion
Assuming that the custodian of the records considered all of the above in determining whether to the records in your file, I must conclude that the custodian's decision was consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh